IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHAN RAUSCH,

        Plaintiff,

v.

BRANDON BORTZ and K. DUTTON,

        Defendants.

OPINION and ORDER

Case No. 16-cv-555-wmc

---

*Pro se* plaintiff Jonathan Rausch contends that defendant Brandon Bortz, a correctional officer, violated his rights by directing sexual comments at him during his incarceration at the Columbia Correctional Institution. Because Rausch is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. After reviewing the complaint, the court concludes that Rausch has failed to state any claim for relief. Accordingly, this case will be dismissed.

ALLEGATIONS OF FACT[1]

Plaintiff alleges that on February 3, 2015, Correctional Officer Bortz approached and asked him, "where is your green hat?" Bortz then when on to suggest that plaintiff had "probably used [the hat] to wipe semen off of [his] celly's stomach." Plaintiff immediately reported Bortz's comments to staff and filed a report through the Prison Rape Elimination Act hotline. An investigation was conducted, after which Bortz admitted to making sexual comments and was disciplined, but within several weeks, Bortz was allowed to return to his post.

---

[1] For screening purposes, the court assumes all of the following facts are true.

While plaintiff was later transferred from Columbia to Oshkosh Correction Institution, a medium security prison, he reports problems trusting staff, sleeping and concentrating. Raush is also worried that he will be retaliated against for complaining against a staff member at another prison, and he thinks his complaint may make it difficult for him to find employment at the Oshkosh facility.

OPINION

Plaintiff states that he wishes to sue for damages as a result of Bortz's sexual comment. Generally, however, verbal harassment by a prison guard is not enough *by itself* to implicate a constitutional right. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). Still, in some limited circumstances, verbal abuse can constitute cruel and unusual punishment under the Eighth Amendment. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). For example, in *Beal*, a guard allegedly displayed his own penis to the plaintiff on multiple occasions and made repeated sexual comments to the plaintiff that implied the plaintiff was homosexual. *Id.* The court found that the guard's behavior and comments, when combined with allegations that other inmates harassed him by calling him names such as "punk, fag, sissy, and queer," were sufficient to state an Eighth Amendment claim, at least at the pleading stage. *Id.* Specifically, the court reasoned that the guard's behavior may have caused the plaintiff severe psychological harm and increased the likelihood of sexual assaults on the plaintiff by other inmates. *Id.*

Here, Bortz's comment to plaintiff -- although deplorable -- does not by itself rise to the level of cruel and unusual punishment. Unlike the allegations in *Beal*, plaintiff neither alleges that Bortz engaged in a pattern of harassment nor that Bortz's comments placed plaintiff at risk of assaults by others. Rather, plaintiff alleges that Bortz made a single comment to plaintiff, *and* he was immediately disciplined for it. However offensive and deserving of discipline, therefore, Bortz's lone comment fails to implicate plaintiff's constitutional rights.

Nor are plaintiff's concerns about *potential* retaliation sufficient to raise a constitutional claim. To state a retaliation claim, plaintiff would need to: (1) identify a constitutionally protected activity in which he was engaged; (2) identify one or more retaliatory actions taken by each defendant that would deter a person of "ordinary firmness" from engaging in that protected activity in the future; and (3) allege sufficient facts that would make it plausible to infer that plaintiff's protected activity was one of the reasons defendants took the action they did against him. *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). Here, plaintiff alleges only *concern* that adverse actions will be taken against him because he complained about Bortz's comment. Absent an allegation of an actual act of retaliation against plaintiff under circumstances suggesting that it was committed by an individual prison staff member at least in part because of his complaint, plaintiff's unsubstantiated concerns are insufficient to state a claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Jonathan Rausch is DENIED leave to proceed on any claim and this case is DISMISSED for failure to state a claim upon which relief may be granted.

2. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g). (barring a prisoner with three or more "strikes" or dismissals for a filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered this 8th day of November, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge